DECISION
Plaintiff appeals a school bond levy for the 2007-08 tax year in the amount of $937.62. The February 12, 2008, case management conference was converted to a trial at Plaintiff's request and with Defendant's assent. Plaintiff appeared on her own behalf. Defendant was represented by Linda Dunn, a supervisor in the assessment and taxation department of the county assessor's office. The court received sworn testimony from the parties, as well as their legal arguments. Very little documentary evidence was submitted. The parties declined the court's offer to hold the record open for the submission of additional evidence or argument.
 I. STATEMENT OF FACTS
In November 2006 the voters in the Silver Falls school district approved Measure 24-225, a general obligation bond for the construction of an addition to a high school in Silverton, Oregon. The election was conducted by mail, with elections officials sending ballots to registered voters who were to mark their ballots and return them by mail (or deliver them to an official ballot drop-off site).
Plaintiff lived in the school district in 2006 but, according to her sworn testimony, she did not receive a ballot in the mail, and therefore did not get an opportunity to vote on that measure. Plaintiff was receiving her mail at a post office box in 2006 and testified that she had some *Page 2 
trouble with her mail back then; she occasionally received someone else's mail, and at times did not receive her own mail. Plaintiff now has her mail delivered to her newly-acquired home in Silverton, Oregon. Plaintiff purchased that property in August or September 2007. Plaintiff testified that she is registered to vote and has voted by mail in the past.
The bond was approved by the voters and, for the 2007-08 tax year, the county tax collector levied a tax of $937.62 against Plaintiff's property in Scotts Mills, Oregon, carried in the assessor's records as Account No. 01127970. Plaintiff's married daughter now lives in that home with her husband and their child. Plaintiff, a school teacher in the nearby town of Stayton, Oregon, testified that she was unaware of the vote on the school bond levy; she does not receive a newspaper and rarely watches the news on television.
 II. ANALYSIS
Plaintiff requests that the tax levied against her for the construction of the school be canceled because she did not receive the mail-in ballot and therefore did not have an opportunity to vote on the proposed bond measure. Plaintiff contends that the levy against her amounts to taxation without representation because she was denied the opportunity to vote on the matter.
Assuming Plaintiff is aggrieved by an act of the assessor or tax collector, as required by ORS 305.275(1), [1] her appeal lacks merit because there is no constitutional or statutory provision authorizing the court to grant the requested relief. Plaintiff misunderstands the principle of representative taxation. To begin with, the maxim "taxation without representation" is not in the state or United States constitutions. And, as this court previously noted in Schweitzer'sCasual Wear v. Department of Revenue: *Page 3 
 "[t]he American colonists used the phrase [taxation without representation] to assert that it is against the fundamentals of good government to raise a tax without the consent of a representative assembly. The colonists were not protesting that each individual colonist had been denied the ability to vote for such tax-imposing acts, e.g. the Stamp Act, or that they were not provided the opportunity to vote for their representative, but that the British Parliament imposing such taxes included no colonial representative."
16 OTR 46, 48 (2002) (citation omitted).
The taxpayer in Schweitzer's challenged the imposition of a payroll tax on its business in Cottage Grove because the vote was limited to residents of that town. Schweitzer's shareholders did not live in Cottage Grove and, thus, did not get a chance to vote on the measure approving the tax. The court rejected the taxpayer's assertion of taxation without representation, stating that "[n]either the Oregon Constitution nor the United States Constitution contain limitations requiring direct participation in the electoral process before a person or entity may be subjected to taxation. Id. at 49. The court there noted that "[r]epresentatives of taxpayer's shareholders, customers, and employees consented to the tax at issue." Id. The same can be said in the instant case, although unlike the shareholders inSchweitzer's who were not authorized to vote because they did not live in the taxing district, here, Plaintiff was entitled to vote but failed to do so because she did not receive a ballot.
School districts are authorized under ORS 328.205 through ORS 328.318
to contract a bonded indebtedness for school construction projects, provided the matter is submitted for a vote to, and approved by, the electors (i.e., citizens with the right to vote) of the district, and that the board thereafter shall annually levy a direct ad valorem tax on all taxable property in the district. The tax in this case was approved by voters in the school district, and presumably certified to the assessor as provided in ORS 310.060 (requiring school districts "authorized to levy or impose a *Page 4 
tax on property" to file written notice with the assessor certifying the tax rate or amount of taxes to be imposed by the district).
Plaintiff has not challenged any aspect of that process, other than her alleged lack of an opportunity to vote on the measure because she never received a ballot and was unaware that the matter was being voted on. Assuming Plaintiff is, in fact, registered to vote and that she did not participate in the vote on Measure 24-225, and, further, that the reason Plaintiff did not vote was because she did not receive a ballot and was unaware of the pending vote (facts alleged but not independently substantiated at trial) this court cannot cancel the tax imposed on Plaintiff to help pay for the bond issued by the school district to build the school because it has no legal authority to do so. Not only does the court lack authority to grant the requested relief, it is difficult to imagine why the legislature would want to give the court such power. The operation of schools and other public services requires a stable source of funding. Schools and other legally authorized taxing districts would find it extremely difficult to operate if courts could whittle away their funding whenever a taxpayer asked for a particular levy on that taxpayer's annual property tax statement to be canceled because the taxpayer did not have an opportunity to vote on the matter.
If Plaintiff is asserting a burden on or denial of her fundamental right to vote, she is in the wrong forum. Appeals to the Oregon Tax Court are limited to matters of taxation. ORS 305.410 (providing that "[T]he tax court shall be the sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws of this state."); ORS 305.275(1) (providing for appeals to the Magistrate Division of the Tax Court by persons "[A]ggrieved by and affected by an act, omission, order or determination *Page 5 
of [the Department of Revenue, county board of property tax appeals, the county assessor or other county tax official, or tax collector."]).
 III. CONCLUSION
The court concludes that Plaintiff is not entitled to cancellation of a portion of the tax on her 2007-08 property tax bill for the disputed Silver Falls school bond levy because there is no constitutional or statutory authority by which the Tax Court may grant such relief on the facts of this case. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of February 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 28,2008. The Court filed and entered this document on February 28,2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1